UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JENNIFER DUNN )
)
      Plaintiff, )
) Case No.: 1:23-cv-1523
      v. )
)
INNH EMP, LLC )
d/b/a Health Care Facilities Staffing, LLC, )
)
      Defendant. )

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   STATEMENT OF THE CASE

1. Plaintiff, Jennifer Dunn (hereinafter "Jennifer" or "Plaintiff"), brings her Complaint against Defendant, INNH EMP, LLC d/b/a Health Care Facilities, LLC, for its violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* and the Pregnancy Fairness Act of 2023. Jennifer contends she was subjected to discrimination based on her sex, female, and pregnancy status and retaliation after seeking accommodations due to her pregnancy.

### II.   PARTIES

2. Plaintiff is a citizen of Indiana and resides within the geographical boundaries of the Southern District of Indiana.

3. INNH EMP, LLC is a foreign limited liability corporation, headquartered in Blue Ash, Ohio, that manages several nursing home facilities within the geographical boundaries of the Southern District of Indiana. Plaintiff was employed through CommuniCare Family of Companies d/b/a Bridgewater Healthcare under the INNH EMP, LLC umbrella.

1

### III.    JURISDICTION AND VENUE

4.  Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5.  INNH EMP, LLC is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6.  Plaintiff satisfied her obligation to exhaust her administrative remedies by having timely filed her U.S. Equal Employment Opportunity Commission Charge Numbers 470-2022-03413 and 470-2023-02913 against Bridgewater alleging discrimination in violation of the Civil Rights Act of 1964, as amended, because of her sex, female, and retaliation. Plaintiff received her Notice of Suit Rights from the EEOC on June 30, 2023, and timely files her Complaint.

7.  Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter took place within the geographical purview of the Southern District of Indiana.

### IV.    FACTUAL ALLEGATIONS

9.  INNH EMP, LLC operates several nursing home facilities of numerous locations throughout the United States with locations in Indiana.

10. Jennifer was hired by Bridgewater in January 2022 as a Certified Nurse Aid ("CNA").

11. Jennifer advised Bridgewater in early July 2022 that she had been issued a 30-pound weight lifting restriction by her OB/GYN.

12. HR Manager, Kelly Halberstadt, indicated that Jennifer would not be able to continue working her position due to her restrictions and she could be transferred to another area of the facility.

2

13. On July 8, 2022, Jennifer was told her employment was terminated because she could no longer meet the lifting requirements of a CAN, and that there was no light duty work available.

14. On July 9, 2022, Jennifer applied to receive unemployment benefits.

15. On July 19, 2022, Jennifer filed her original Charge of Discrimination with the EEOC.

16. On or about July 26, 2022, Jennifer attended her 13-week pregnancy check-up with her OB/GYN.  It was at that visit that she discovered that she had suffered a miscarriage.

17. In November of 2022, Jennifer began working for Decatur Rehabilitation and Healthcare Center making $17/hr, approximately $9.50/hr less than she made working for Defendant.

18. On December 22, 2022, Jennifer was applying to nursing school, and inquired of Kelly Halberstadt whether she was still employed by Defendant.  Jennifer needed confirmation in order to obtain discounted tuition for nursing classes.  Halberstadt confirmed that she was still employed by Defendant.

19. On January 12, 2023, Jennifer interviewed with Evergreen, a companion facility also owned by Defendant, and she was advised that she would only need to complete transfer paperwork as she was still an employee of Bridgewater.

20. Jennifer communicated with Ms. Halberstadt on January 13, 2023, requesting a status on the transfer documents and was advised that she had, in fact, been terminated from Bridgewater.

21. On February 9, 2023, Jennifer communicated with Evergreen to confirm status of the documents and was advised that she would have a response in 24 hours.

3

22. Jennifer never received a response, and believes that she was terminated in retaliation for filing her original EEOC Charge.

23. Jennifer filed a second EEOC Charge alleging retaliation on March 1, 2023.

## V.   LEGAL ALLEGATIONS

### a.   Employment discrimination based on pregnancy

24. Plaintiff hereby incorporates paragraphs one (1) through (23) as set forth herein.

25. Plaintiff was discriminated against based on her sex, female, and pregnancy.

26. As a result of Bridgewater's actions, Plaintiff has sustained damages including but not limited to economic loss, loss of reputation, loss of enjoyment of life, mental anguish and emotional injury.

27. Bridgewater's actions and omissions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as amended, the Pregnancy Discrimination Act ("PDA"), and the Americans with Disabilities Act ("ADA").

### Retaliation

28. Plaintiff hereby incorporates paragraphs one (1) through (27) as set forth herein.

29. Plaintiff informed her HR representative, Kelly Halberstadt, of her limitations regarding lifting following a visit to the OB/GYN.

30. Plaintiff was terminated as a result of having lifting restrictions.

31. Plaintiff sought re-employment in January of 2023 with another of Defendant's facilities, Evergreen.

32. She was advised at that time that she had never been formally terminated, and that she did not need to be re-hired to work at Evergreen.

33. When she asked for the transfer paperwork, she was informed that she had been terminated in December of 2022.

34. Plaintiff believes Defendant retaliated against her for filing her original EEOC Charge.

35. Plaintiff filed a subsequent EEOC Charge for Retaliation in March of 2023.

## VI.  <u>REQUESTED RELIEF</u>

WHEREFORE the Plaintiff, Jennifer Dunn, requests that judgment of this Court be held in her favor as follows:

1. Order Defendant to pay Plaintiff any and all lost wages and the monetary value of all benefits associated with her employment as a result of Defendant's discrimination and retaliation;

2. Order Defendant to pay Plaintiff compensatory damages for the mental anguish and consequential harm she suffered;

3. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

4. Order Defendant to pay interest on all sums recoverable; and

5. Award to Plaintiff all other relief that is just and proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Jennifer Dunn, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. (317) 843-2606
Fax (317) 574-3095
cclark@goodinabernathy.com
03-153